**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____
**EMANUEL M. BROOKS JR.,**

                **Plaintiff,**                9:11-cv-1171
                                                            (GLS/ATB)
           v.

**P. ROCK et al.,**

                **Defendants.**
_____
**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Emanuel M. Brooks Jr.
Pro Se
CNY PC
PO Box 300
Marcy, NY 13403

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     STEPHEN M. KERWIN
New York Attorney General           Assistant Attorney General
State of New York
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Emanuel M. Brooks Jr. commenced this action

against defendants P. Rock, P. Chase,[1] T. LaValley, R. Paquette-Monthie,[2] and Eric Gutwein[3] alleging a host of civil rights violations pursuant to 42 U.S.C. § 1983. (*See generally* Compl., Dkt. No. 1.) Following the dismissal of some claims, (Dkt. No. 17), defendants moved for summary judgment dismissing the complaint in its entirety. (Dkt. No. 42). Brooks also moved for preliminary injunctions and the appointment of counsel. (Dkt. Nos. 54, 58.) In a Report-Recommendation (R&R) dated January 17, 2014, Magistrate Judge Andrew T. Baxter recommended that defendants' motion be granted, and that Brooks' motions be denied. (Dkt. No. 60.) Pending is Brooks' "Motion of Appeal and Objection to [Decision]," which, as explained below, is liberally construed as both an objection to the R&R and request for leave to amend. (Dkt. No. 62.) For the reasons that follow, the R&R is adopted in its entirety, and leave to amend is denied.

---

[1] Brooks named "P. Chaste" in his complaint, (Compl. at 1, 2), but it is apparent that the proper spelling of that individual's name is Chase, (Dkt. No. 42, Attach. 3).

[2] While the complaint names "R. Paquette" and "Monthie" as separate defendants, (Compl. at 1, 2), they are one in the same: Roberta Paquette-Monthie. (Dkt. No. 42, Attach. 12.)

[3] Brooks named "Eric Mutuein" as a defendant in his complaint. (Compl. at 1, 2.) It is clear, however, that he intended to name Eric Gutwein as a party defendant. (Dkt. No. 42, Attach. 14.)

## II. **Background**

Brooks, an inmate in the custody of the New York Department of Corrections and Community Supervision (DOCCS), was housed at Clinton Correctional Facility for the first time period relevant to his complaint. (Dkt. No. 42, Attach. 5 at 4; Compl. at 5.) While at Clinton, Brooks contends that Rock opened a door, which hit him extremely hard in the forehead, refused him speedy medical attention for his head injury, and falsely charged him with misbehavior. (Compl. at 5.) Chase, who found Brooks not guilty of the charges lodged by Rock, (Defs.' Statement of Material Facts (SMF) ¶ 39, Dkt. No. 42, Attach. 16), allegedly threatened Brooks that he was "going to get [him] at the next [correctional facility]," (Compl. at 5).

Thereafter, Brooks was transferred to Coxsackie Correctional Facility. (Dkt. No. 42, Attach. 5 at 4.) Brooks claims that LaValley arranged for his transfer to Coxsackie, despite his request to be transferred to Sing Sing Correctional Facility, in retaliation for filing a grievance regarding Rock. (Compl. at 6.) While at Coxsackie, Brooks was cited for misbehavior by Paquette-Monthie, (Dkt. No. 42, Attach. 13 at 8); Brooks claims that the misbehavior report was filed in retaliation for his complaint about Rock while at Clinton, (Compl. at 7). According to Brooks, Gutwein,

3

who presided at Brooks' disciplinary hearing on the Coxsackie misbehavior report, (Dkt. No. 42, Attach. 14 ¶ 5), improperly denied Brooks' requests to produce certain witnesses and evidence, found him guilty of the charged conduct, and sentenced him to six months in the special housing unit along with six months loss of good time, (Compl. at 7-8).

This action was filed on September 30, 2011. (*See generally* Compl.) In October 2012, following several delays attributable to Brooks before service of process occurred, (Dkt No. 7 at 7-10; Dkt. Nos. 9, 12, 13, 15, 16, 17), defendants moved to dismiss pursuant to Rule 12(b)(6), (Dkt. No. 31). In response, Brooks sought leave to amend. (Dkt. No. 36.) The court converted defendants' motion to dismiss to a motion seeking summary judgment and denied Brooks' motion for leave to amend for failure to comply with the Local Rules of Practice, but explained that "[i]f, after resolution of the summary judgment motion, [he] still wish[ed] to amend his complaint, he [could do so] in the proper form." (Dkt. No. 38 at 9-10.) In May 2013, defendants filed their motion for summary judgment consistent with the court's conversion of their earlier-filed motion to dismiss. (Dkt. No. 42.) Before that motion for summary judgment was considered by the court, Brooks filed the aforementioned motions for

appointment of counsel and preliminary injunctions. (Dkt. Nos. 54, 58.)

In a January 17, 2014 R&R, Judge Baxter recommended that defendants' motion for summary judgment be granted.[4] (Dkt. No. 60 at 60.) As pertinent here, Judge Baxter determined that: (1) issues of fact precluded summary judgment regarding Brooks' exhaustion of administrative remedies with respect to his claims against Rock; (2) Brooks failed to exhaust his administrative remedies with respect to his claims against Chase and LaValley; and (3) despite his failure to exhaust with respect to Chase and LaValley, all claims, against all defendants, were subject to dismissal on the merits. (*Id.* at 7.)

### III. <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No.

---

[4] Notably, Judge Baxter considered new facts that were first submitted by Brooks in his motion seeking leave to amend even though they were "not technically part of the complaint." (Dkt. No. 60 at 51-60.)

5

04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[5] *See id.*

## IV. Discussion

As an initial matter, the court must make sense of Brooks' submission, which he has titled "Motion of Appeal and Objection to [Decision]." (Dkt. No. 62.) The only references made to the R&R in that filing concern Brooks' contention that defendants "[l]ied in the summary [j]udg[]ment [when] they all testified and stated that . . . plaintiff never file[d] a grievance or at[tempted] to exhaus[t] his [administrative remedies]." (*Id.* at 1-2, 10.) The balance of Brooks' submission contains allegations, made for the first time, that defendants, DOCCS, and potentially other unnamed individuals,[6] failed and/or refused to protect him from a conspiracy—related

---

[5] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

[6] Brooks writes "I'am adding deffendant to my existing prior civil suit," yet he seems to assert new wrongdoing only on the part of DOCCS for "fail[ing] to protect and refus[ing] to put [him] in midstate A.P.P.U. under federal [p]rotection." (Dkt. No. 62 at 3.) Elsewhere, Brooks refers to "new defendants added." (*Id.* at 5.)

6

to an incident that occurred on December 2, 2013 at Clinton—to murder him "in further [retaliation]." (*Id.* at 2-13.) In light of the new allegations, Brooks requests a "Motion of discover," "Motion for permanent order of restrain," "Motion for chain of custody," and a "Tellephone an commer emergency Confrence." (*Id.* at 8, 9.) Bearing in mind Brooks' *pro se* status, the court treats his assertion that defendants were dishonest regarding his exhaustion of administrative remedies as an objection to the R&R, and it considers the remainder of Brooks' submission as a motion seeking leave to amend his complaint.[7]

## A. Objection

While it appears that Brooks' objection is specific, and, thus, is deserving of *de novo* review, *see Almonte*, 2006 WL 149049, at *6-7, even if the court accepts as true his allegation that defendants "lied" in support of their argument that he failed to exhaust his administrative remedies, (Dkt. No. 62 at 1-2, 10), that fact would not impact Judge Baxter's ultimate

---

[7] Buried within his submission, Brooks "request[s] to fill Amendent Complaint have discovery In new defendants added." (Dkt. No. 62 at 5.) Construing this statement liberally, as the court must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), it can safely be assumed that Brooks seeks leave to amend.

7

recommendation of dismissal. Indeed, despite the finding that Brooks failed to exhaust with respect to some of his claims, the R&R recommends dismissal of all claims on the merits, (Dkt. No. 60 at 7, 60), a reality that Brooks overlooks entirely. Nonetheless, the court has carefully reviewed the R&R for clear error and finds none. As such, the R&R is adopted in its entirety.

**B.     Leave to Amend**

Defendants argue that leave to amend should be denied because: (1) the new allegations "have absolutely nothing to do with the incidents in [Brooks' c]omplaint, or the named defendants"; (2) Brooks failed to submit a proposed amended pleading in compliance with Local Rule 7.1(a)(4); and (3) a late amendment "would prejudice the right of the current defendants to a speedy conclusion of this action." (Dkt. No. 63 at 2.) The court agrees that Brooks should not be granted leave to amend.

At the outset, the court is cognizant of the fact that Brooks has had no prior opportunity to file an amended pleading. This is so despite the fact that this action has been pending for well over two years. Indeed, the posture of this case is somewhat peculiar in that the summons and complaint were not served upon defendants until nearly one year after

8

commencement. (Dkt. Nos. 17-20, 23-25.) The wheels of justice have churned at an admirable pace since; nonetheless, given the natural progression of this litigation, a significant amount of time has elapsed. Before filing an answer, defendants moved to dismiss, and later, after the court's conversion of that motion, augmented the record and filed a summary judgment motion. (Dkt. Nos. 31, 38, 42.) The court is also mindful that discovery has not commenced.

Brooks was previously informed that if, after resolution of the summary judgment motion, he still wished to amend his complaint, he had to do so by making "a motion to amend in the proper form." (Dkt. No. 38 at 10.) Despite the explicit nature of the court's prior order, Brooks' latest request, which is based on facts that did not occur until December 2013, (Dkt. No. 62 at 5, 6), is not in proper form. *See* N.D.N.Y. L.R. 7.1(a)(4) (requiring, among other things, that a party seeking leave to amend "must attach an unsigned copy of the proposed amended pleading to its motion papers").

More fundamentally, however, Brooks' latest allegations are not sufficiently related to his underlying claims to warrant amendment under Fed. R. Civ. P. 15. *See Jolley v. Meachum*, 210 F.3d 354, 2000 WL

9

427276, at *1 (2d Cir. 2000) ("As for the claims that were unknown to [the plaintiff] at the time he filed his original complaint, we agree with the district court's determination that these claims were not sufficiently related to [the plaintiff]'s original claim, and therefore they could not be added to his original complaint."); *Smith v. Yonkers Police Dep't*, 152 F.3d 920, 1998 WL 433005, at *1 (2d Cir. 1998) (holding that the district court did not abuse its discretion in denying a motion to amend made five years after commencement of the action that sought to allege "a claim wholly unrelated to [the original pleading]"); *Jones v. Fischer*, No. 9:11-cv-774, 2013 WL 4039377, at *2 n.6 (N.D.N.Y. Aug. 7, 2013) (explaining that new factual allegations, raised for the first time along with objections, would be disregarded where those "allegations have nothing whatsoever to do with claims that were asserted in the [operative pleading]"). Indeed, the only link between the new allegations that DOCCS has failed to protect Brooks from a murder conspiracy and defendants is his wispy assertion that defendants are participating in that failure or refusal to protect Brooks "in *further* [retaliation]." (Dkt. No. 62 at 3 (emphasis added).) Liberally read, this suggests that defendants' new alleged failure to protect Brooks is because of the same grievances that were at the center of his original

retaliation claims. The highly tenuous relationship between the new and original allegations is insufficient to serve as a basis for leave to amend, particularly when coupled with the significant lapse of time between the facts alleged in the complaint, which occurred in 2011, (Compl. at 5, 12-20), and Brooks' claim about an incident that occurred in December 2013, (Dkt. No. 62 at 5-6). *See Robles v. Khahaifa*, No. 09CV718, 2012 WL 2401574, at *10 (W.D.N.Y. June 25, 2012). Accordingly, leave to amend is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report-Recommendation (Dkt. No. 60) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 42) is **GRANTED**; and it is further

**ORDERED** that Brooks' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Brooks' motion for the appointment of counsel (Dkt. No. 58) is **DENIED**; and it is further

**ORDERED** that Brooks' motions for preliminary injunctions (Dkt. Nos.

54, 58) are **DENIED** as moot; and it is further

**ORDERED** that Brooks' motion for leave to amend his complaint (Dkt. No. 62) is **DENIED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 28, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court